# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES GRAY | CIVIL ACTION NO. 23-1053 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE FARM FIRE & CASUALTY CO. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by Defendant State Farm Fire and Casualty Company ("State Farm"). See Record Document 34. State Farm argues that Plaintiff Charles Gray's ("Gray") claims, which arise out of State Farm's alleged bad faith breach of contract for failure to pay for damage to Gray's home sustained during Hurricane Zeta, are prescribed under Louisiana law. See id. Gray opposes the motion, arguing that State Farm interrupted or renounced prescription by offering to mediate Gray's claims. See Record Document 39. State Farm replied. See Record Document 37. For the reasons set forth below, State Farm's motion is **GRANTED** and Gray's claims are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

This lawsuit arises out of a dispute regarding the insurance proceeds allegedly due to Gray under his home insurance policy with State Farm (the "Policy"). The Policy provides a two-year limitation on the institution of any suits against State Farm. The applicable provision reads: "No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within two years after the date of loss or damage." Record Document 34-3 at 26.

On or about October 28, 2020, Gray's home that was the subject of the Policy (the "Property") sustained damage from Hurricane Zeta. See Record Document 1 at ¶ 7. Gray reported the damage to State Farm. See id. at ¶ 9. On March 12, 2021, an adjustor inspected the Property and reported "$1,233.89 for substantial damages." Id. at ¶ 9. On April 27, 2022, an adjuster re-inspected the Property and reported "$5,518.00 for substantial damages." Id. at ¶ 12. Gray did not receive any proceeds under his policy. See id. at ¶¶ 9, 12.

On August 9, 2023, Gray filed suit against State Farm in the United States District Court for the Western District of Louisiana for breach of contract and bad faith penalties. See Record Document 1. State Farm moved for summary judgment, arguing Gray's claims are prescribed under Louisiana law. See Record Document 34. Gray opposes the motion, arguing that State Farm interrupted or renounced prescription through its offers to mediate. See Record Document 39. Alternatively, Gray argues that State Farm should be equitably estopped from raising a prescription defense. See id.

## LAW AND ANALYSIS

I.    **Summary Judgment Standard**

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed,

and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine dispute of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex Corp., 477 U.S. at 323). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no genuine issue for trial—and thus, a grant of summary judgment is warranted—when the record as a whole "could not lead a rational trier of fact to find for the non-moving party." Id.

## II.     Prescription Under Louisiana Law

In a diversity case such as this one, federal courts apply substantive state law. See Moore v. State Farm Fire & Cas. Co., 556 F.3d 264, 269 (5th Cir. 2009); Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Thus, this case is governed by Louisiana insurance law and prescription rules.

"Liberative prescription is a mode of barring actions as a result of inaction for a period of time." Benson v. State, 2017-0081, p. 3 (La. App. 1 Cir. 9/15/17), 227 So. 3d 847, 849 (citing La. Civ. Code art. 3447). Prescription statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished. See id. (citing

Mallett v. McNeal, 2005-2289 (La. 10/17/06), 939 So. 2d 1254, 1258); see also Quinn v. La. Citizens Property Ins. Corp., 2012-0152 (La.11/2/12), 118 So.3d 1011. "Prescription may be defeated if it can be shown that the period was interrupted or that the right to plead prescription was renounced." Estate of DeGraauw v. Travelers Ins. Co., 2006-547, p. 6 (La. App. 3 Cir. 9/27/06), 940 So. 2d 858, 863, writ denied, 2006-2910 (La. 2/2/07), 948 So. 2d 1088.

Generally, the party pleading prescription bears the burden of proving that the cause of action has prescribed. See Benson, 227 So. 3d at 849. However, where "the petition shows on its face that the prescriptive period has run, the burden is on the plaintiff to prove interruption of prescription." Bennett v. State Farm Ins. Co., 2003-1195, p. 11 (La. App. 3 Cir. 3/24/04), 869 So. 2d 321, 329; La. Health Serv. & Indem. Co. v. Gupta, 24-264, p. 22, 2025 WL 467822, at *11 (La. App. 5 Cir. 2/12/25), reh'g denied (Feb. 27, 2025).

The Supreme Court of Louisiana has found that an insurance policy provision providing that suit must be filed against the company within two years of the date of loss is enforceable. See Wilson v. La. Citizens Prop. Ins. Corp., 2023-01320, p. 2 (La. 1/10/24), 375 So. 3d 961, 962; see also La. R.S. 22:868(B). Therefore, if Gray did not file within the two-year period provided by the Policy and prescription was not interrupted or renounced, Gray's claims would be prescribed.

### III.   Analysis

State Farm argues that because the Policy's two-year limitation on actions by Gray against it is enforceable, Gray's claims are clearly prescribed.[1] See Record Document

---

[1] Gray does not contest that the Policy's two-year limit on actions against State Farm is enforceable.

4

34-1 at 4. In response, Gray concedes that if there is no tacit waiver or interruption of prescription, "the insured must file the suit within the prescribed period even if the claim is pending." Record Document 39-1 at 4 (citing Bennett, 869 So. 2d 321). However, Gray argues that through State Farm's offers to mediate and attempts to schedule mediation, State Farm either interrupted the prescriptive period before prescription accrued or renounced prescription after it had accrued. See Record Document 39-1 at 3-8. Gray alternatively argues that State Farm should be equitably estopped from raising a prescription defense because Gray relied on State Farm's offers to mediate, and those offers implied the claim was still "active and negotiable." Id. at 8-10.

Gray's home allegedly sustained damage during Hurricane Zeta on or about October 28, 2020. See Record Document 1 at ¶ 7. Gray did not file suit until August 9, 2023, after more than two years elapsed. See id. Therefore, the petition shows on its face that the prescriptive period has run and Gray has the burden to show that prescription has been interrupted or renounced. See Bennett, 869 So. 2d at 329.

### A. Interruption of Prescription

"Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." La. Civ. Code art. 3464. An acknowledgement that interrupts prescription can be explicit or tacit. An explicit acknowledgement arises where there is an "explicit recognition of a debt owed." Coleman v. Ace Prop. & Cas. Ins. Co., 19-305, p. 8 (La. App. 5 Cir. 11/27/19), 284 So. 3d 1262, 1269. Tacit acknowledgment arises where there are "acts of reparation or indemnity, unconditional offers or payments, or actions which lead the creditor to believe that the debtor will not contest liability." Id.

(citing Estate of Ehrhardt v. Jefferson Par. Fire Dep't, 12-319 (La. App. 5 Cir. 1/30/13), 108 So.3d 1223, 1229).

An acknowledgement "need not be in any particular form." Bennett, 869 So. 2d at 329. However, Louisiana courts "require more than settlement negotiations." Estate of Ehrhardt, 108 So.3d at 1229; Coleman, 284 So. 3d at 1269 ("An acknowledgment sufficient to interrupt prescription requires more than settlement negotiations." (citing Mullen v. Sears, Roebuck, & Co., 887 F.2d 615, 618 (5th Cir. 1989))). Even if the parties have actually engaged in settlement negotiations, where the negotiations "do not result in an agreement that the defendant is liable for the plaintiff's injuries, there is no acknowledgement sufficient to interrupt prescription." Mullen, 887 F.2d at 618 (citing Trainer v. Aycock Welding Co., 421 So. 2d 416 (La. App. 1 Cir. 1982).

"[R]ecognition of a disputed claim, conditional payments, and settlement or compromise offers or negotiations do not evidence an acknowledgment." Mire v. Am. Multi-Cinema, Inc., No. 14-CV-2582, 2015 WL 5682621, at *3 (E.D. La. Sept. 25, 2015) (quoting Waller v. Stuckey, 613 So. 2d 643, 645 (La. App. 2 Cir. 1993)). Even if a defendant makes a partial payment of the debt owed, where that debt is "accompanied by an express reservation of liability," the partial payment does not constitute an acknowledgement. See Mullen, 887 F.2d at 618.

Here, Gray does not argue that there has been any reparation, indemnity, or unconditional offer or payment. Gray argues that State Farm interrupted prescription by offering to schedule and scheduling mediations, which Gray argues led him to believe State Farm would not contest liability. Gray points to three instances during which State Farm communicated with him before prescription accrued.

6

First, on March 21, 2022, State Farm responded to Gray's counsel's letter of representation and requested additional information to process the claim. See Record Document 39-2 at 4-7. The letter states, in relevant part:

> I would like to take this opportunity to provide you with a written status report on the above referenced claim. I hope you find this information useful as we work together to bring your claim to a conclusion. . . .
>
> We are in receipt of Damage Reports LLC's estimate and are unable to issue payment as more information is needed to complete a thorough reconciliation. We request an additional inspection of the property to obtain the necessary documentation to accurately reconcile the estimates.
>
> Please provide us with three separate dates and times Mike McCall with Damage Reports LLC would be able to exhibit the property. If you request we meet and/or schedule with another party, please provide us with their name and contact information. . . .

See id. at 4-5.

Second, on July 1, 2022, after receiving a demand for payment from Gray offering to schedule pre-suit mediation, State Farm sent another communication:

> I am the claim representative for the above referenced claim file. We have received your Formal Demand for Payment Letter, which we are in the process of reviewing and will send our formal response shortly. I am reaching out to see if your office would be interested in a pre-suit mediation to help move this claim to conclusion? Please let us know your response at your earliest convenience.

Id. at 46. Third and finally, on July 6, 2022, State Farm followed up on its July 1, 2022, email reiterating its offer to schedule mediation:

> On July 1, 2022, we sent an email to your office providing the option of a pre-suit mediation to help bring this claim to a conclusion. We have not heard back on your decision and request you follow up with us on your decision.

See id. at 23. At no point in any of these three emails did State Farm acknowledge its liability.

7

The Court finds that State Farm did not interrupt prescription before prescription ran. Louisiana law makes clear that offers to settle or mediate are insufficient to interrupt prescription. See Estate of Ehrhardt, 108 So.3d at 1229. State Farm's communications during the prescriptive period simply recognize that Gray has retained counsel and offer opportunities to schedule mediation. Gray points to no authority that would suggest it was reasonable for him to view the opportunity to mediate as an admission of liability.

In Mire v. American Multi-Cinema, Inc., plaintiff demanded settlement of her medical insurance claim, and, in response to her request, the defendant "requested medical bills and a Medicare form." 2015 WL 5682621, at *3. The defendant's representative testified during a deposition that at the time of plaintiff's demand, he believed the company was liable and that he had the authority to settle claims for up to $25,000. Id. at *4. However, it was "standard practice to obtain medical bills and Medicare information in the adjustment process" and that claims could not be presented for settlement without that information. Id. The Court found that because the representative "never acknowledged [the] alleged debt" to the plaintiff and only "requested information necessary to adjust the claim, without acknowledging . . . liability," prescription was not interrupted. Id.

Mire is analogous to the facts of this case. Before prescription ran, Gray and State Farm had not engaged in settlement negotiations—let alone had State Farm admitted liability as a result of such negotiations. Gray points to no facts to suggest that State Farm admitted liability or that it would have been reasonable for him to believe that State Farm admitted liability. Prescription of Gray's claims was not interrupted.

### B. Renunciation of Prescription

After prescription has accrued, prescription can be renounced. See La. Civ. Code art. 3449. Like interruption, "[r]enunciation may be express or tacit. Tacit renunciation results from circumstances that give rise to a presumption that the advantages of prescription have been abandoned." La. Civ. Code art. 3450. "[Louisiana] courts have consistently held that renunciation must be 'clear, direct, and absolute and manifested by words or actions of the party in whose favor prescription has run.'" Lima v. Schmidt, 595 So. 2d 624, 631 (La. 1992) (quoting Queen v. W. & W. Clarklift, Inc., 537 So. 2d 1214 (La. App. 4 Cir. 1989)). Renunciation is "subject to more strict requirements than acknowledgment" and creates a "new and binding, unilateral obligation to pay or perform." Est. of DeGraauw v. Travelers Ins. Co., 2006-547, p. 8 (La. App. 3 Cir. 9/27/06), 940 So. 2d 858, 864, writ denied, 2006-2910 (La. 2/2/07), 948 So. 2d 1088.

Louisiana law provides that an insurer's defenses are not waived when the insurer "[i]nvestigat[es] any loss or claim under any policy or engag[es] in negotiations considering a possible settlement of any such loss or claim." La. R.S. 22:879(3); Est. of DeGraauw, 940 So. 2d at 864. Louisiana courts have applied this provision to find that an insurer that negotiated with the insured, and eventually tendered withheld depreciation, did not renounce prescription. See id.

Gray argues that "Defendant's repeated agreements to schedule mediation—not once, but three times—strongly suggest that they viewed [Gray]'s claim as valid and potentially compensable well after the date they now claim the prescription period ended." Record Document 39-1 at 7. State Farm did continue its attempts to schedule a mediation with Gray after prescription accrued on or about October 28, 2022. Between February

9

and August 2023, the parties continued their attempts to schedule and reschedule a mediation of Gray's claim. See Record Document 39-2 at 27 (February 2, 2023 email confirming March 6, 2023 mediation); see id. at 29 (March 3, 2023 email canceling March 6, 2023 mediation); see id. at 31 (April 18, 2023 email scheduling May 3, 2023 mediation); see id. at 33 (May 1, 2023 email informing defendant of the need to reschedule May 3, 2023 mediation); see id. at 37-39 (emails rescheduling mediation for August 4, 2023). While the parties had to reschedule the mediation several times, the latest date set for mediation was August 4, 2023. See id. at 35.

Several days before the latest-scheduled mediation, on August 1, 2023, State Farm's counsel emailed Gray as follows: "I do not see a lawsuit filed on Mr. Gray's behalf in the Louisiana Western District. Please send me a copy of the lawsuit file don [sic] his behalf in Louisiana State Court." Id. at 37. Gray's counsel subsequently responded that suit had not been filed. See id. at 41. State Farm's counsel responded that the mediation would be cancelled, explaining: "The Date of Loss for this claim is October 28, 2020. The policy and Louisiana law provide a two-year prescriptive period in which to file suit. Therefore, this claim has prescribed and we will not be able to move forward with an informal mediation." Id. at 41.

The Court finds that State Farm did not renounce prescription after it ran. The email communications scheduling and rescheduling mediation are insufficient to interrupt prescription before it accrued and are certainly insufficient to satisfy the even stricter requirements of renunciation. Whether State Farm viewed Gray's claim as potentially compensable does not answer the question of renunciation. Nothing about State Farm's scheduling was a "clear, direct, and absolute" word or action that indicated that State

10

Farm intended to revive any obligation it had under Gray's claim. See Lima, 595 So. 2d at 631 (quoting Queen, 537 So. 2d 1214). Therefore, State Farm did not renounce prescription, and prescription has accrued on Gray's claim.

### C. Equitable Estoppel

Gray alternatively argues that State Farm should be equitably estopped from pleading prescription because he detrimentally relied on misrepresentations made by State Farm. See Record Document 39-1 at 8. Gray argues that State Farm engaged in fraudulent or misrepresentative conduct by agreeing to mediation on three separate occasions after the claim was prescribed, misleading Gray to "believe[e] that the claim was still active and negotiable." Id. at 9. State Farm's reply did not address this argument. See Record Document 37.

Louisiana recognizes both equitable estoppel and detrimental reliance under La. Civ. Code art.1967 and the elements for each are the same. See Barnett v. Saizon, 2008-0336 (La. App. 1 Cir. 9/23/08), 994 So. 2d 668, 674.

> Equitable estoppel has been defined as the effect of voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct. . . . The doctrine is based on equitable considerations of good faith and is designed to prevent injustice by barring a party, under special circumstances, from taking a position contrary to his prior acts, admissions, representations or silence.

Knippers v. Dr. W.W. Lambard, 620 So. 2d 1368, 1374 (La. App. 2 Cir. 1993) (citations omitted). Likewise, "[u]nder the detrimental reliance doctrine established by Louisiana law, a party is permitted to recover economic harm whenever the defendant made a representation by word or conduct upon which the plaintiff justifiably relied and because of which plaintiff changed his position to his detriment." Babkow v. Morris Bart, P.L.C., 98-

11

0256 (La. App. 4 Cir. 12/16/98), 726 So. 2d 423, 427 (quotation marks and citation omitted). The elements for equitable estoppel are the same as for detrimental reliance: "(1) representation by conduct or word, (2) justifiable reliance in representation, and (3) change in position to detriment because of reliance." Id. at 427; Knippers, 620 So. 2d at 1374-75.

A defendant can be equitably estopped from asserting prescription if the defendant engaged in "fraudulent or misrepresentative conduct . . . upon which the complaining party justifiably relied to his detriment." State Farm Mut. Auto. Ins. Co. v. Smith, 448 So. 2d 209, 211 (La. App. 1 Cir. 1984). However, "[e]stoppel is not favored by Louisiana courts. It is invoked sparingly because it acts to bar the normal assertion of rights." Knippers, 620 So. 2d at 1374-75 (citations omitted). "Any party seeking to invoke estoppel must specifically plead and prove the factual elements of the doctrine." Id. at 1375. "If the evidence reveals that the asserting party had actual knowledge, or a ready and convenient means of determining the facts concerning representations made, equitable estoppel will not lie." Id. (citations omitted).

Here, Gray has not proved the factual elements of estoppel. Gray points to no fraud or misrepresentations by State Farm. Gray argues only that State Farm "implied a willingness to negotiate and settle the claim" by scheduling mediation. Record Document 39-1 at 9. However, it appears State Farm was willing to negotiate and potentially settle the claim until it learned that Gray did not preserve his claim by filing a lawsuit before prescription accrued.

Nor does Gray explain how he reasonably relied on State Farm's representations to his detriment. That is, Gray has not explained why it was reasonable for him to forbear

in filing his lawsuit to preserve his claim based solely on State Farm's offers to mediate. The Policy put Gray on notice of the relevant prescriptive period and State Farm was under no independent obligation to disclose to Gray when his claim would prescribe. As explained *supra*, Louisiana law makes clear that State Farm's actions did not interrupt or renounce prescription. Thus, the date on which prescription would run was ascertainable for Gray.

Accordingly, Gray's claim against State Farm is prescribed and State Farm is not estopped from raising prescription as a defense.

## CONCLUSION

Based on the foregoing analysis, the Court finds there are no genuine issues of material fact warranting trial and that State Farm is entitled to judgment in its favor as a matter of law. Accordingly, State Farm's Motion for Summary Judgment (Record Document 34) shall be **GRANTED** and Gray's claims shall be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of April, 2025.

JUDGE S. MAURICE HICKS, JR.<br>
UNITED STATES DISTRICT COURT